UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVAN SEABROOKS,<br><br>                              Plaintiff,<br><br>              -against-<br><br>ANTHONY ANNUCCI, COMMISSIONER<br>NYS DOCCS, et al.,<br><br>                              Defendants. | 23-CV-6919 (CS)<br><br>ORDER OF SERVICE |

CATHY SEIBEL, United States District Judge:

Plaintiff, who is currently incarcerated at Sing Sing Correctional Facility ("Sing Sing"),

brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants denied him his right to

participate in a Jumah prayer service on April 14, 2023, at Sing Sing.[1] Plaintiff sues the Acting

Commissioner of the Department of Corrections and Community Supervision ("DOCCS"), in his

official capacity; Sergeant Joseph; John Doe, Officer in Charge; and John Doe, Escorting Officer.

By order dated August 25, 2023, Chief Judge Laura Taylor Swain granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). On October 4, 2023, the

Court accepted this case as related to *Brown v. Annucci*, No. 23-CV-6056 (CS).

As set forth below, the Court (1) directs service on the Acting Commissioner of DOCCS

and Sergeant Joseph; (2) directs the New York State Attorney General to assist Plaintiff in

identifying the two John Doe correction officers; (3) denies Plaintiff's motion for the Court to

request *pro bono* counsel; and (4) refers Plaintiff to the New York Legal Assistance Group

Clinic.

---

[1] On September 8, 2023, Plaintiff filed an amended complaint. The amended complaint (ECF 8) is the operative pleading.

**DISCUSSION**

**A.    Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Acting Commissioner Anthony Annucci and Sergeant Joseph through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these two Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

**B.**     **John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit the DOCCS to identify the two John Doe Defendants named in the amended complaint: (1) the officer in charge of Plaintiff's housing unit on April 14, 2023; and (2) the escorting officer for Jumah services on April 14, 2023. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the DOCCS, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where each defendant may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John Doe defendants. The second amended complaint will replace, not supplement, the amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**C.**     **Request for *Pro Bono* Counsel**

Plaintiff has filed a motion for the Court to request *pro bono* counsel. (ECF 3.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. I cannot conclude

at this stage that the claims are likely to have merit, so Plaintiff's motion for counsel (ECF 3) is denied without prejudice to renewal at a later date.

**D.      New York Legal Assistance Group Clinic**

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Clerk of Court is directed to issue summonses for Acting Commissioner Annucci and Sergeant Joseph, complete the USM-285 forms with the addresses for these defendants, deliver all documents necessary to effect service to the U.S. Marshals Service, and mail Plaintiff an information package.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the New York State Attorney General's Office at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

The Court denies Plaintiff's motion for the Court to request *pro bono* counsel without prejudice to renewal at a later time. (ECF 3.)

Copies of the NYLAG Clinic's flyer, retainer, and intake form are attached to this order.

SO ORDERED.

Dated:     October 4, 2023
        White Plains, New York

_____
                    CATHY SEIBEL
            United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.       Acting Commissioner Anthony Annucci
         Department of Corrections and Community Supervision
         The Harriman State Campus
         1220 Washington Avenue
         Albany, NY 12226

2.       Sergeant Joseph
         Sing Sing Correctional Facility
         354 Hunter Street
         Ossining, NY 10562

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.



-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                  Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name             Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State              Zip Code

Defendant 2:

First Name             Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State              Zip Code

Defendant 3:

First Name             Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State              Zip Code

Defendant 4:

First Name             Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State              Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



# NYLAG

New York ■ Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE SOUTHERN DISTRICT OF NEW YORK

### LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I. LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____                    _____
Signature                                          Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**



Revised 10/30/22

**Name** _____     **Date of Birth** _____

**Facility** _____

**Identification #** _____     **Email (if available)** _____

**How did you hear about our clinic? (Circle One)**

Pro Se Intake Office                Order/Letter from the Judge          Conference/Hearing with the Judge

Pro Se Information Package          Website                              Friend/Family

Other _____

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**